LEVER BROS. CO. v. BUTLER MFG. CO.

Patent Appeal No. 3768.

Court of Customs and Patent Appeals.

March 22, 1937.

English & Studwell, of New York City; and Bryant & Lowry, of Washington, D.

C. (Spencer A. Studwell, of New York City, and Theodore K. Bryant, of Washington, D. C., of counsel), for appellant.

Thomas E. Scofield, of Kansas City, Mo. (Henry L. Shenier, of Kansas City, Mo., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an opposition proceeding instituted in the United States Patent Office in which the appellant filed notice of opposition, opposing the registration of the trademark "Lustr lux" for "Dry Cleaning Systems" which was applied for by appellee.

Appellee filed with its application a photograph representing "specimens" showing the trade-mark as actually used upon its goods. The photograph shows a rather elaborate machine upon which is affixed the term "Lustr lux System."

Appellant-opposer's mark consists of the term "Lux," which is a well-known, well-advertised mark alleged to have been used for a long period of time in connection with a very large and well-known and favorably known business in the manufacture and sale of laundry soaps and detergents used for washing clothes. Opposer's several marks have been registered in the United States Patent Office, one of which registrations was made in 1900.

Appellee moved to dismiss the notice of opposition. In considering this motion the Examiner of Trade-mark Interferences stated it to be his view that the opposition was based solely upon "the confusion in trade clause of section 5," and notice was given to the opposer to confirm this inference or deny it. Time was set in which opposer could make answer. No answer having been made to the request of the Examiner, he held that the failure to reply was an admission that the opposition related only to the confusion in trade clause of section 5, Trade-Mark Act 1905, as amended (15 U.S.C.A. § 85). He then denied the motion to dismiss the opposition, set a date for answer by appellee, stating that, when the proceeding was set down for final hearing, opposer would be given an opportunity to take testimony. He furthermore informed the applicant that it could waive the right to file an answer and request that the case be set down for final hearing "for a further consideration of the merits of the defense relied upon in this motion to dismiss." No testimony was taken and no answer was filed.

The Examiner in his decision held that the allegations in the notice of opposition "relate to and seek to draw in only the confusion-in-trade clause of section 5 as the sole statutory ground for refusing registration." He then held that, for the opposer to succeed, he must show that the goods possess the same descriptive properties. On this subject he stated:

"The soap and soap powder sold by the opposer are particularly adapted for the cleaning of fabrics, such as clothes, and the dry cleaning apparatus of the applicant is also used for cleaning clothes. Except to this extent they have nothing in common. The soap and soap powder of the opposer is of the usual type that is commonly sold in grocery stores in packages and is well and favorably known to the general public through long and extensive use.

"The dry cleaning apparatus of the applicant is illustrated in the photographic specimen filed as a part of the application involved herein. It is a rather complicated piece of apparatus which obviously is not purchased by the public generally but only by persons interested in the dry cleaning business. It requires altogether too great a stretch of the imagination to rule that the goods sold by the parties possess the same descriptive properties. Consequently, it is held that the opposer cannot here qualify under the confusion-in-trade clause of section 5. * * *

" * * * From what has hereinbefore been stated the examiner is fully persuaded that an honest use of the mark by the applicant would not be likely to result in any confusion in trade. * * *"

In concluding, the Examiner of Interferences held as follows: "Registration is, however, refused on the ground that the particular description of goods, namely, 'dry cleaning *systems*' [Examiner's italics], is inapt and inappropriate by reason of the word 'merchandise' found in the statute. It is further adjudged that if this notation were changed to 'dry cleaning apparatus' applicant would be entitled to the registration for which it has made application."

Appellant appealed to the Commissioner. After stating the case, the Commissioner said:

"Two questions arise—first, do the goods of the respective parties possess the same descriptive properties and, second, if they do, are the marks so similar as to be likely to bring about confusion? It is undoubtedly true that both goods are used for the same general purpose, which may be termed cleaning. Beyond this, however, I am unable to conceive any points of similarity between them. Physically they are totally unlike; in price there is no comparison; they are sold to different classes of purchasers; one is bought casually in the general store or the grocery by the housewife and the other is a costly installation bought only by a man who intends to enter or is already engaged in, the cleaning business. In view of these considerations, I cannot conceive any confusion resulting from the concurrent use of the *same* mark upon these respective goods. The possibility of any such confusion taking place is too remote, too conjectural to be dealt with in these proceedings. It is true that the Court of Customs and Patent Appeals once held that if there is a likelihood of confusion arising from the concurrent sale of the goods of an applicant and an opposer that the goods must perforce be of the same descriptive properties. California Packing Corp. v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A. (Patents) 1048, 394 O.G. 789, 1930 C.D. 215. But in my decision in the case of Meredith Publishing Co. v. O. M. Scott & Sons Co., 458 O.G. 3, 26 U.S.Pat.Q. 21, 25 T.M.Rep. 474, I endeavored to point out the inapplicability of a test of this kind when applied to a set of facts such as that here involved. In my opinion if the goods are not of the same descriptive properties an opposition must be dismissed regardless of confusion, likely or actual. Similarly, if the notations are not confusingly similar, an opposition must be dismissed irrespective of confusion.

"To repeat, I am not prepared to hold that soap and dry cleaning apparatus are goods of the same descriptive properties, and, being so inclined, I am compelled to dismiss the opposition proceeding. In arriving at this conclusion, I have taken into full consideration, although I have not expressly discussed it, the difference between the marks of the respective parties and, in accordance with the decision in the case of Duro Pump & Mfg. Co. v. Thomas Maddock's Sons Co. (Cust. & Pat.App.) 36 F. (2d) 1005, 394 O.G. 281, 1930 C.D. 196, I am inclined to permit the differences between the marks coupled with the differences between the goods to persuade me to the position that I have taken.

"The opposition is dismissed and the decision of the Examiner of Trade-mark Interferences is affirmed."

It will be noted that the Commissioner held "they are sold to different classes of purchasers; one is bought casually in the general store or the grocery by the housewife and the other is a costly installation bought only by a man who intends to enter, or is already engaged in, the cleaning business. In view of these considerations, I cannot conceive any confusion resulting from the concurrent use of the *same* mark upon these respective goods."

From what sources the Commissioner obtained these stated facts is not clear. Since the record does not show that any such facts have been established, we must conclude that from the nature of the goods and from the proven facts he assumed the stated facts to exist or treated them as being within common knowledge.

The propriety of making such an assumption is, to say the least, very questionable. It would seem that there would be less question about the propriety of assuming that a laundry might purchase and use "Lux" soap for washing clothes and also purchase and use applicant's apparatus in connection with dry cleaning—thus one party would buy and use both articles in its business of cleaning clothes, or in assuming that there is a reasonable probability that a system made by applicant might be used in the household by the users of opposer's laundry materials. Certainly there is nothing in the record to justify the conclusion that the same person might not purchase both articles and use the soap and detergents in washing and cleaning clothes and the apparatus for dry cleaning of clothes.

It seemed to be the view of both tribunals that the applicant did not have a right to register its mark for a *system* but that it would have the right to register the mark for an *apparatus*. The decision of the Examiner, affirmed by the Commissioner, held that "if this notation were changed to 'dry cleaning apparatus' applicant would be entitled to the registration for which it has made application."

It is difficult to see how the latter holding was pertinent to the issues before the

tribunals. It indicated, at least, that the applicant would be permitted to amend as suggested and register the mark without giving the opposer the opportunity of opposing the registration of the mark for this particular use. We are not convinced that the conclusion reached by the tribunals that the term "Luster lux," as applied to an apparatus used for dry cleaning clothes, is registerable over the mark "Lux," used in washing and cleaning clothes, is necessarily correct, if all pertinent facts which may exist or may be assumed are conceded. As was said in B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 103, 17 C.C.P.A. (Patents) 1068, " * * * the place or places where, and the people to whom, they were sold should be considered."

██ In applying the law to proven facts, the Patent Office and the courts are fully justified, and especially so in this kind of case, in taking into consideration all matters within the common knowledge, and also to presume the existence of certain facts, even though controlling, from other clearly proven facts. Caution must be exercised when controlling presumed facts are relied upon. "It is 'essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate.'" McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 36 S. Ct. 498, 501, 60 L.Ed. 899. Since we have concluded that the Commissioner, under the circumstances at bar, was not justified in assuming the facts which he regarded as controlling, it follows that his conclusion cannot be here approved.

Before it be adjudged that the applicant is entitled to register a trade-mark for a purpose which he has not up to this time sought, it obviously would be proper to give full opportunity for all material facts and circumstances to be shown in light of the proposed amendment. When this is done, the tribunals and this court will be in a better position to then ascertain if the goods of the respective parties upon which the marks are used belong to any broad general class which is within the meaning of the trade-mark statute, and whether or not confusion as to the origin of the goods is probable.

In any event, under the circumstances above set out, it would be manifestly improper to register the applicant's mark without giving the opposer the opportunity to make opposition thereto. The rules of the Patent Office are not so inflexible as to occasion a consideration of questions as important as those here involved without the parties having had full opportunity to present, and the tribunals to consider, all relevant and proper facts.

██ Under the circumstances, we deem it proper to reverse the decision of the Commissioner holding that the applicant might register its trade-mark if its application was amended so as to apply to *apparatus* rather than systems and to remand the whole matter to the Patent Office so as to permit the applicant to amend his application in the particulars indicated and to afford appellant the opportunity, if desired, of filing a new notice of opposition alleging fully such facts and circumstances as it may deem proper in the premises. We are not in disagreement, however, with the action of the Commissioner in affirming the holding of the Examiner that registration should be denied for the mark as applied to *systems*. It is difficult to see how a trade-mark could be properly applied to a *system* as that term is generally understood. The statute contemplates, as was pointed out by the Examiner, that the trade-mark to be registered is to be applied to "merchandise."

For the reasons aforesaid, the decision of the Commissioner is reversed and the whole matter is remanded to the Patent Office for further action not inconsistent with the views herein expressed.

Reversed and remanded.

HATFIELD, Associate Judge, did not participate in this decision.